UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL DWAYNE STIGLER,<br><br>    Petitioner,<br><br>v.<br><br>JOAN FABIAN,<br>Commissioner of Corrections,<br><br>    Respondent. | Civil No. 08-5366 (PAM/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

Petitioner is a prisoner at the Minnesota Correctional Facility at Stillwater, Minnesota. He is serving a 316-month prison sentence that was imposed in the State District Court for Hennepin County, Minnesota. Petitioner was sentenced after a jury found him guilty of first degree criminal sexual conduct and kidnaping. (Petition, p. (2), ¶s 1-6.)

After Petitioner was convicted and sentenced, he filed a direct appeal, claiming that (i) the trial court wrongly ruled that his prior criminal convictions could be used to impeach

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

him if he elected to testify, (ii) there was insufficient evidence to support his conviction, (iii) the trial court gave an erroneous instruction to the jury, and (iv) his trial was tainted by prosecutorial misconduct.  (Id., p. (3), ¶ 9(d).)  The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits, and affirmed his conviction and sentence on direct appeal.  State v. Stigler, No. A06-1247, (Minn.App. 2007), 2007 WL 3152768 (unpublished opinion).  Petitioner sought further review in the Minnesota Supreme Court, but that request was denied on December 11, 2007.  (Id.)  Petitioner also sought certiorari review in the United States Supreme Court, but that application was denied on March 17, 2008.  (Petition, p. (3), ¶ 9(f); Stigler v. Minnesota, 128 S.Ct. 1677 (2008).)

Petitioner's current habeas corpus petition indicates that he has not sought further review of his conviction and sentence in any post-conviction proceedings.  (Petition, p. (3), ¶ 10; p. (6), ¶ 14.)  However, Petitioner has filed a memorandum in support of his petition, which indicates that "his claims of ineffective assistance of trial counsel and of appellate counsel... are being submitted for review in a post conviction proceeding pursuant to Minnesota State [statute section] 590."  ("Memorandum In Support of Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus," [Docket No. 2], p. 1.)  Petitioner has provided no other information about the status of that proceeding.

Petitioner's application for federal habeas corpus relief lists nine claims.  Some of Petitioner's current claims apparently were raised in his direct appeal.  It is very clear, however, that some of the claims presented here have never been fairly presented to, and decided on the merits by, the Minnesota Supreme Court.  Because Petitioner has not exhausted his state court remedies for those claims, his present petition cannot be addressed on the merits.

## II.   DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present all of his or her claims to the highest available state court, (in Minnesota, the State Supreme Court), before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845.

In this case, it is readily apparent that Petitioner has not raised some of his current claims for relief in the Minnesota state courts.  At the very least, Petitioner has not presented any of his current ineffective assistance of counsel claims to the state courts, and it appears that he has failed to present some of his other claims to the state courts, as well.  The current petition indicates that Petitioner presented only three claims to the Minnesota Supreme Court, (Petition, p. (3), ¶ 9(e)(4)), but he is attempting to present nine claims here, (id., pp. (5) - (6)).  This suggests that at least six of Petitioner's current claims are unexhausted.  Moreover, Petitioner candidly acknowledges that his "vague doctrine claim," his "ex post facto claims," and his "Constitutional Challenges to Minnesota Statute § 609.1095 (2005)," as well as his ineffective assistance of counsel claims, have not been previously presented in any court.  (Id., p. (6), ¶ 13.)  It is therefore obvious that many –

perhaps most – of Petitioner's current claims are unexhausted.

Petitioner may be attempting to raise some of his unexhausted claims in a state post-conviction motion, but any claims raised in any such motion have not been exhausted as of now. Petitioner will have to pursue his state post-conviction claims all the way to the Minnesota Supreme Court, before those claims can be considered in a federal habeas corpus proceeding.

Again, a state prisoner must exhaust all of his available state court remedies for <u>all</u> of his claims <u>before</u> seeking habeas corpus relief in federal court. Furthermore, a Minnesota state prisoner cannot satisfy the exhaustion of state remedies requirement unless all of his habeas claims have been fairly presented to, and decided on the merits by, the Minnesota Supreme Court. In this case, it clearly appears, on the face of the petition, that the Minnesota Supreme Court has not adjudicated all of the claims listed in Petitioner's current habeas petition.

Because Petitioner has filed a habeas petition that includes unexhausted claims, the Court must recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. It will be recommended that the action be dismissed <u>without prejudice</u>, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims.[2] Petitioner may return to federal court -- if necessary -- after

---

[2] If Petitioner pursues this option, he should be mindful of several matters that could affect his future eligibility for federal habeas corpus relief. First, he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review in the state courts, including a petition for further review in the State Supreme Court. <u>O'Sullivan</u>, 526 U.S. at 845. Second, federal habeas corpus review is available only for claims that were previously raised in the state courts <u>as federal constitutional claims</u>. <u>Duncan</u>, 513 U.S. at 365-66. Third, if Petitioner does return to the state courts to exhaust his state court remedies, and if he should thereafter attempt to file another federal habeas

the state courts, including the Minnesota Supreme Court, have reviewed and decided <u>all</u> of the claims that he seeks to present in federal court.  <u>See</u> <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993).

Finally, the Court recognizes that a state prisoner who files a mixed habeas petition, (i.e., a petition that includes both exhausted and unexhausted claims), can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims.  <u>Jackson v. Domire</u>, 180 F.3d 919, 920 (8th Cir. 1999) (<u>per</u> <u>curiam</u>); <u>Victor v. Hopkins</u>, 90 F.3d 276, 282 (8th Cir. 1996), <u>cert</u>. <u>denied</u>, 519 U.S. 1153 (1997); <u>Doty v. Lund</u>, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999).  If Petitioner intends to exercise that option here, he should file an amended petition that includes <u>only fully exhausted claims</u>, and he should do so <u>before the deadline for filing objections</u> to this Report and Recommendation.[3]  If Petitioner does not file such an amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice.  Petitioner should note that if he does file an amended petition that includes only his fully exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition.  <u>See</u> 28 U.S.C. § 2244(b)(2).

---

petition, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d).  It appears that the statute of limitations has not yet expired in this case, and the statute will be tolled (pursuant to 28 U.S.C. § 2244(d)(2)) while any post-conviction proceedings are pending in the state courts.  However, Petitioner could face a statute of limitations problem in the future, if he does not act promptly.

[3] If Petitioner elects to amend, his new petition should include only federal constitutional claims that were raised in his petition for further review in the Minnesota Supreme Court, because, as of now, those are Petitioner's only fully exhausted claims.

In light of the Court's recommendation that this action be summarily dismissed, it will be further recommended that Petitioner's application to proceed in forma pauperis, (IFP), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III.   RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.  Petitioner's application to proceed in forma pauperis, (Docket No. 3), be DENIED; and

2.  This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only fully exhausted claims.

Dated:      October 8, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 27, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.